J-S39017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :                PENNSYLVANIA
                                          :

                  v.                          :
                                          :

ROLAND MATTHEW HROMEK, JR.     :
                                          :

               Appellant             :      No. 77 MDA 2018

Appeal from the PCRA Order December 15, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002872-2013

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:              **FILED AUGUST 14, 2018**

Roland Matthew Hromek, Jr. ("Appellant") appeals *pro se* from the order

dismissing as untimely his fourth petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history of this case are convoluted due to

Appellant's serial PCRA filings.  On August 23, 2013, Appellant entered a

negotiated guilty plea to one count of involuntary deviate sexual intercourse

with a child less than thirteen years of age.[1]  This charge arose from criminal

conduct that occurred between August 1 and October 31, 2012.  On November

25, 2013, the trial court sentenced Appellant pursuant to the negotiated

agreement to 7 to 15 years of incarceration.  The court also informed Appellant

that he was to register as a sexual offender with the Pennsylvania State Police

---

[1] 18 Pa.C.S.A. § 3123(b).

for the remainder of his life under Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired). Appellant did not file a direct appeal from his judgment of sentence.

On December 9, 2013, Appellant filed his first PCRA petition, but subsequently withdrew it on the basis that he had no meritorious issues to raise. Motion to Withdraw Petition for Post Conviction Relief, 3/6/14. On December 11, 2015 and January 12, 2017, Appellant filed his second and third PCRA petitions, both of which the PCRA court denied as untimely.

On July 19, 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In **Muniz**, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act, (SORNA),[2] violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1223.

On September 14, 2017, Appellant filed his fourth PCRA petition, *pro se*. Appellant asserted that his lifetime registration requirement was unconstitutional under **Muniz**. Additionally, Appellant argued that **Muniz** satisfied the newly recognized constitutional right exception to the PCRA's time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). On October 11, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.42.

to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On October 30, 2017, Appellant filed a response to the PCRA court's Rule 907 notice. On December 15, 2017, the PCRA court entered an order denying Appellant's PCRA petition as untimely. This timely appeal followed.[3]

Appellant presents the following issues for review:

I.    WHETHER THE [PCRA] COURT INCORRECTLY DENIED [APPELLANT]'S PCRA PETITION ON THE BASIS THAT IT WAS JURISDICTIONALLY UNTIMELY BY FAILING TO RECOGNIZE A VALID EXCEPTION TO THE TIMELINESS REQUIREMENT.

II.   WHETHER THE [PCRA] COURT ERRED IN NOT CORRECTING AN ILLEGAL SENTENCE BY FAILING TO RECOGNIZE THE RETROACTIVE APPLICATION OF **MUNIZ**.

Appellant's Brief at 3.

Before addressing the merits of Appellant's claims, we must determine whether we have jurisdiction. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

In this case, Appellant concedes that his PCRA petition is untimely. Appellant's Brief at 3. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468. Appellant asserts that he has satisfied the timeliness exception of Section 9545(b)(1)(iii) because *Muniz* recognized a new constitutional right that applies retroactively on collateral review. Appellant's Brief at 3-8.

Recently, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), this Court rejected this exact claim. We explained:

- 4 -

Appellant's reliance on *Muniz* cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,

> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). *See Abdul-Salaam*, *supra*. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Id.* at 405-06.

Because Appellant cannot rely upon *Muniz* to satisfy the timeliness exception of Section 9545(b)(1)(iii), we are without jurisdiction to review the merits of his PCRA claims.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/18

---

[4] We note that even if we had jurisdiction to review Appellant's claims, they are patently meritless. The record reflects that the trial court at sentencing informed Appellant that he would be required to register as a sexual offender for the remainder of his life under Megan's Law, not SORNA. N.T., 11/25/13, at 1, 5-8. Therefore, *Muniz*, which only involved the retroactive application of SORNA's registration and reporting requirements, is inapplicable to Appellant's case.